12-1048-cv
AIG Mexico v. M/V Zapoteca

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand thirteen.

Present:
        AMALYA L. KEARSE,
        ROBERT A. KATZMANN,
                *Circuit Judges*,
        JED S. RAKOFF,[*]
                *District Judge*.

---

AIG MEXICO SEGUROS INTERAMERICANA,
S.A. de C.V.,

    *Plaintiff-Appellant*,

        v.                              No. 12-1048-cv

M/V ZAPOTECA, her engines, tackle, boiler, etc.,
ZAPOTECA SHIPPING CO. LTD., INTERORIENT
NAVIGATION CO., LTD.,

    *Defendants-Appellees*.

---

[*]The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:                    KEITH B. DALEN (Thomas E. Willoughby, *on the brief*),
                                            Hill Rivkins LLP, New York, N.Y.

For Defendants-Appellees:                   GARTH S. WOLFSON (Edward A. Keane, *on the brief*),
                                            Mahoney & Keane, LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant AIG Mexico Seguros Interamericana, S.A. de C.V. ("AIG Mexico")

appeals from a February 16, 2012 judgment of the United States District Court for the Southern

District of New York (Preska, *C.J.*), which dismissed AIG Mexico's maritime claims against the

M/V Zapoteca, Zapoteca Shipping Co. Ltd., and Interorient Navigation Co., Ltd. (collectively,

"the defendants"). AIG Mexico argues that the district court erred when it enforced the forum

selection clause in the parties' signed, original bill of lading despite the fact that an unsigned,

non-negotiable copy of a bill of lading (the "other version") apparently specified a different

forum. We assume the parties' familiarity with the relevant facts, the procedural history, and the

issues presented for review.

"On an appeal of a district court's dismissal based on a forum selection clause, we review

factual findings for clear error and legal conclusions *de novo*." *Asoma Corp. v. SK Shipping Co.,*

*Ltd.*, 467 F.3d 817, 822 (2d Cir. 2006). "[A] forum clause should control absent a strong

showing that it should be set aside." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

AIG Mexico argues, as an initial matter, that because the two versions of the bill of

lading specified two different fora, the parties' agreement contains no enforceable forum

selection clause. But the district court correctly held that the signed, original bill of lading, which required litigation in Cyprus, took precedence over the unsigned, non-negotiable version, which selected Germany. As our prior cases have noted, original, negotiable bills of lading function as "document[s] of title," "control[ling] the possession of the goods themselves." *Berisford Metals Corp. v. S/S Salvador*, 779 F.2d 841, 845 (2d Cir. 1985). Thus, when AIG Mexico's predecessor-in-interest deposited its goods with the defendants and later retrieved them, it necessarily relied on the enforceability of the original bill of lading, rather than the other, non-negotiable version. While AIG Mexico argues that the discrepancy between the original and the other version of the bill demonstrates that the parties did not have a meeting of the minds, the fact that the parties completed the transaction unmistakably shows that the necessary meeting of the minds occurred. *See Interocean Shipping Co. v. Nat'l Shipping & Trading Corp.*, 462 F.2d 673, 676 (2d Cir. 1972) (requiring "a meeting of the minds" only "on all the essential terms" of a contract); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 152 (1981) (permitting parties to void a contract only where a mutual mistake "has a material effect on the agreed exchange of performances"). Thus, the parties' minds necessarily met on the signed, original bill of lading, the only bill that gave AIG Mexico's predecessor-in-interest a right to reclaim the relevant goods.[1]

Next, AIG Mexico argues that the Court should refuse to enforce the forum selection clause because Cypriot law will provide it with an inadequate remedy. This argument refers to the Court's ability to overlook forum selection clauses where "the fundamental unfairness of the

---

[1]Moreover, even if the Court could not determine which version of the bill of lading governed, AIG Mexico still could not litigate in the Southern District of New York. Regardless of whether AIG Mexico's predecessor-in-interest believed that it consented to litigation in Germany or Cyprus, it necessarily waived any right to litigate in the Southern District of New York when it deposited its goods with the defendants.

chosen law may deprive the plaintiff of a remedy." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993). According to AIG Mexico, Cypriot law will not provide a remedy because it "will not recognize the vessel owner as carrier under the bill of lading because it was not a party to that contract and was not in privity of contract with the shipper." Appellant's Br. at 8. A limitation on whom AIG Mexico can sue, however, does not deprive it of a remedy, and may not even reduce its ultimate remedy.[2] While AIG Mexico argues that the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *et seq.*, defines "carrier" to include a vessel's owner, *id.* § 30701, that statute does not apply to the wholly foreign transaction at issue here, *id.* § 30702, and the parties, when negotiating the shipment of goods from Mexico to Spain, were not required to select only fora that imposed the same obligations as American law, *see The Bremen*, 407 U.S. at 9 (rejecting the "parochial concept that all disputes must be resolved under our laws and in our courts").

We have considered AIG Mexico's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2]In fact, Cyprus—like dozens of other countries throughout the world, including the United States—has ratified or acceded to the Hague-Visby Rules. WILLIAM TETLEY, MARINE CARGO CLAIMS 1130-31 (3d ed. 1988).